UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

U.S. BANK NATIONAL ASSOCIATION,
    Plaintiff,

vs.

ROBERT SCOTT MERUSI, et al.,
    Defendants.

Case No. 1:18-cv-485
Black, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Defendant Robert Scott Merusi filed a pro se notice of removal of a state court civil action to the United States District Court. (Doc. 1, Att. 1). By separate Order, Mr. Merusi was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of Mr. Merusi's notice of removal, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

The removal petition alleges that Mr. Merusi is a party-defendant to a state court mortgage foreclosure action initiated in the Hamilton County, Ohio Court of Common Pleas. The attachments to the petition reflect that U.S. Bank National Association filed a complaint in foreclosure against Mr. Merusi and others on April 15, 2016. It appears the state court granted default judgment for U.S. Bank National Association and granted a decree in foreclosure. A Sheriff's Sale has been scheduled for July 26, 2018. On July 18, 2018, Mr. Merusi filed his petition for removal in this federal court.

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case.  *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).  The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

It appears Mr. Merusi seeks to remove the state court action to this federal court based on diversity and federal question jurisdiction.  (Doc. 1-1 at 3-11).

The Court cannot discern a basis for federal question jurisdiction in this matter.  District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In determining whether an action has been properly removed to federal court, the Court must examine the face of the state court plaintiff's well-pleaded complaint.  Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint.  *Caterpillar*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive

reliance on state law. *See Caterpillar*, 482 U.S. at 392. In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metropolitan Life*, 481 U.S. at 63; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 915.

Mr. Merusi has failed to establish this Court has original federal question jurisdiction over this case. The state court complaint attached to the notice of removal does not show this case arises under the Constitution or laws of the United States. Mr. Merusi appears to contend that U.S. Bank National Association violated his rights under the United States Constitution and the Fair Debt Collection Practices Act in connection with the state court foreclosure proceeding. However, even if Mr. Merusi asserts a federal defense to the state court foreclosure action, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Board*, 463 U.S. at 8-12; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 914-15. Therefore, Mr. Merusi has failed to meet his burden of showing federal question jurisdiction in this matter.

In addition, Mr. Merusi may not remove the state court action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332. Removal based on diversity of citizenship is proper only where the defendants are not citizens of the forum state. The removal statute provides that a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Even if there is complete diversity among the parties, the presence of a properly

joined and served resident defendant bars removal. *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). Because Mr. Merusi is an Ohio citizen, removal on the basis of diversity jurisdiction is barred under § 1441(b).

Accordingly, the Court lacks subject matter jurisdiction over this case.

**IT IS THEREFORE RECOMMENDED:**

1. Mr. Merusi's petition for removal of a state court action to this federal court should be **DENIED.**

2. This matter should be **DISMISSED** from the docket of the Court.

3. This matter should be **REMANDED** to the state court. *See* 28 U.S.C. § 1447(c).

4. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Mr. Merusi leave to appeal *in forma pauperis*. Mr. Merusi should be advised that he remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 7/25/18

Karen L. Litkovitz
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

U.S. BANK NATIONAL ASSOCIATION,
    Plaintiff,

vs.

ROBERT SCOTT MERUSI, et al.,
    Defendants.

Case No. 1:18-cv-485
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).